### THOMAS KANE v. ELBRIDGE G. STOWE.

*Special findings—Legal rulings.*

Error cannot be assigned upon the incorrectness of findings of fact in a case at law ; the facts cannot be reviewed.

A party to a case tried by a judge without a jury is not damnified by the rulings of the judge upon separate questions of law if the findings of fact do not entitle the party to relief.

Where the moderator and assessor of a school district are sued upon an order signed by them, a finding that it was signed on a false and fraudulent statement that the school director approved and would sign it, and on condition that it should be of no force unless he did sign it, and the farther finding that there was no purpose to contract. except for the district, defeats an action thereon in the absence of any showing of subsequent action creating contract relations, or of any action by defendants, taken with a knowledge of the facts and estopping them personally.

The Supreme Court cannot change a finding of fact.

Case made after judgment from Kent. (Montgomery, J.) April 10.—April 18.

ASSUMPSIT.    Defendant had judgment.    Affirmed.

*Horton H. Drury* and *E. A. Weber* for plaintiff.

*J. W. & O. C. Ransom* for defendant.

CAMPBELL, J.    Plaintiff sued defendant as survivor of

himself and one Alvin J. Shearer, to recover the price of certain school furniture, which plaintiff claims they purchased of him. In the court below judgment was rendered for the defendant.

Many errors are assigned, several of which go to the incorrectness of the judge's findings, and the remainder to the judgment as not borne out by the findings. The former are not sustainable, as the facts cannot be reviewed in this Court. The latter are material only in so far as it may be claimed they would warrant a judgment for plaintiff.

It can make no difference to a plaintiff whether the judge is correct or not on separate questions of law, if he does not find such facts as entitle the plaintiff to relief. Until such a finding is made the defendant cannot be charged, and the plaintiff has no damage from the legal rulings.

In the present case the judge found expressly that the supposed order signed by defendant and Shearer, who were assessor and moderator of a school-district, was signed on a fraudulent and false statement that the director approved and would sign it, and on the condition that it should be of no force unless he did sign it. Had it been so signed it would have bound the district, and the judge found there was never any purpose to contract, except for the district. There is no finding of any subsequent action as creating contract relations, or of any action of Shearer and defendant had with knowledge of the true state of facts and estopping them personally. Inasmuch as we cannot change the finding of facts, there is no foundation for any relief to plaintiff, and we need not consider the details further.

The judgment must be affirmed with costs.

The other Justices concurred.